Bruce G-. Dean, J.
Appeal from a judgment of the Court of Special Sessions, Town of Vestal, Broome County (William J. Castle, J.) convicting appellant of violation of subdivision (d) of section 306 of the Vehicle and Traffic Law (improper inspection) on June 19,1970. Judgment of conviction reversed.
Defendant has appealed to this court asserting numerous errors of the trial court and that defendant was not proved guilty of the charge beyond a reasonable doubt.
Section 306 is the section under article 5 of the Vehicle and Traffic Law which deals with the enforcement of the provisions of section 301 et seq., entitled 1 ‘ Periodic inspection of all motor vehicles ”, which requires that every motor vehicle registered in New York be inspected once each year in accordance with the provisions of this article. Section 301 designates specific *472 mechanism to be inspected and such other mechanism and equipment as shall be determined by the Commissioner of Motor Vehicles to be necessary for proper and safe operation. The Commissioner is also empowered under section 302 to make reasonable rules and regulations for the administration and enforcement of article 5. Pursuant to this statutory authority, the Commissioner has established rules and regulations as contained in 15 NYCRR, Part 79, entitled “ Motor Vehicle Inspection
The defendant is charged with a violation of subdivision (d) of section 306, which provides as follows: “ (d) No person shall issue a certificate of inspection without having made a complete inspection in conformity with the rules and regulations established by the commissioner, or shall wilfully issue a certificate of inspection for a motor vehicle, the mechanism and other equipment of which do not comply with the standards prescribed by the rules and regulations established by the commissioner.”
Section 306 of the Vehicle and Traffic Law is a penal statute. “ As a penal statute, its provisions must be strictly construed ”. (People v. Christensen, 19 A D 2d 535, 536.) The statute must be deemed to apply only to persons, motor vehicles and conduct as contained in the statutes under article 5, as defined in the Vehicle and Traffic Law, and as further defined and explained under 15 NYCRR, Part 79.
On March 27,1970, one Raymond Dickens, of the State Police, then on motor vehicle inspection detail, took a 1955 Chevrolet, owned by the State Police, to the Vestal Plaza Texaco for an alleged official inspection. The automobile was an unmarked car and its ownership by the State Police and the identity of the State trooper were concealed. The automobile bore an inspection sticker of March, 1969, but the automobile had been used on prior “ inspections ” many times, and the mechanism and equipment complied with the standards prescribed by the rules and regulations established by the Commissioner of Motor Vehicles.
Defendant, Norman J. Conrow, was an employee of the Vestal Plaza Texaco station; but was not a person certified to conduct a motor vehicle inspection, as required by subdivision (a) of section 303 of article 5 of the Vehicle and Traffic Law, and also as defined in 15 NYCRR 79.1 and 79.7. The automobile was inspected by defendant. Another employee of the Vestal Plaza Texaco station stamped the validation of the inspection on the automobile registration.
The State trooper claimed that the inspection was not in compliance with the rules and regulations of the Commissioner *473 as contained in 15 NYCRR, Part 79, testifying to approximately 20 claimed violations which, he testified, occurred in the course of the inspection. On cross-examination the State Police officer stated that the automobile was in good working order; that many valid inspection stickers had been issued prior to March 27,1970; that the 'Sticker dated March, 1969, was incorrect and that the automobile had been inspected many times since and that the trooper was not concerned about the safety of the automobile. He admitted that someone other than defendant had issued the certificate of inspection to him.
During the course of the trial, the Assistant District Attorney, at page 38 et seq. of the trial record, referred to 15 NYCRR 79.11 (c), as authority for conviction of defendant, Conrow, who admittedly had affixed the certificate of inspection to the windshield after it had been validated by another employee. The District Attorney argued that issuance under the statute means affixing the certificate or sticker which is relied on by a police officer on patrol to determine whether the automobile is inspected. The trial court stated at page 42 that the statute says that no person shall issue a certificate of inspection and agreed with the argument of the District Attorney that defendant, in affixing the stamp to the windshield had issued the certificate of inspection. This is out of context with 15 NYCRR 79.11 (a), (e) and (h).
This construction is also contrary to the provisions of the statute and the regulations of the Commissioner. Section 303 refers to licensing “ official inspection stations for the purpose of making the inspection prescribed by this article and for the purpose of issuing certificates of inspection”; and keeping a record of certificates of inspection issued. The section also provides for revocation of license for improper issuance of certificates of inspection. Section 304 provides that no certificate of inspection shall be issued by an official inspection station until a motor vehicle is in proper and safe condition and complies with the rules and regulations of the iCommissioner. The definitions under section 79.1 (a) establish the meaning of a certificate of inspection as a sticker issued by an official inspection station, and an official inspection station as any person, association or corporation to which has been issued a license to conduct inspections under section 303. A certified motor vehicle inspector is one who is authorized by a certificate to conduct periodic inspections of motor vehicles.
The defendant, Norman J. Conrow, an employee without any status under these provisions and regulations, meets none of the said definitions and meanings under any authorization to *474 officially inspect and officially issue certificates of inspection. See also section 79.8 of the Commissioner’s rules — Duties of licensee — ‘ ‘ By issuing a certificate of inspection, the licensee certifies that: [refers to 14 subdivisions on certificate on safe condition of equipment] ’ ’.
It is the opinion of this court that defendant, a routine employee, was not a person who could issue a certificate of inspection and, therefore, cannot be a person chargeable with a violation of subdivision (d) of section 306 of the Vehicle and Traffic Law. As above stated, section 306 is subject to strict construction as a penal statute. In People v. Christensen (19 A D 2d 535, supra) the court reversed a conviction under subdivision (f) of section 306, and held that an attempt to transfer a license of an official inspection station applied only to the transferor, apparently under the language “ who shall transfer or attempt to transfer a license as an official inspection station ”.
The strict construction of the statute also excludes all police vehicles, under the exception of said motor vehicles from the operation of the statute on inspection, as provided in subdivision 5 of section 308 and section 125 of the Vehicle and Traffic Law and 15 NYCBB 79.1 (d) and 79.2 (a) and (e). The motor vehicle here was not subject to inspection, irrespective of the purpose or intent of the State Police in the use of police motor vehicles for such purposes. Subdivision (c) of section 303 and section 390 of the Vehicle and Traffic Law, relating to enforcement of inspection regulations by the State Police, do not provide authority for such activity or use. The definitions cannot be amplified (Vehicle and Traffic Law, § 100). While not effective until April 1, 1971, section 132-a, Police vehicle defines a police vehicle as ‘ ‘ Every vehicle owned by the state, a public authority, a County, town, city or village, and operated by the police department or law enforcement agency of such governmental unit ”.
It is the further opinion of this court that there has been no violation under subdivision (d) of section 306 of the Vehicle and Traffic Law by anyone. An examination of subdivision (a) of section 304, and subdivisions (d) and (e) of section 306 indicates the construction that subdivision (d) of section 306 applies to a violation where, as provided in subdivision (a) of section 304, a certificate of inspection has been issued for a motor vehicle which does not comply with the rules and regulations of Commissioner of Motor Vehicles. Admittedly, the motor vehicle of the State Police met the standards of the Commissioner through multiple prior inspections. The strict construction of section 306, as a penal provision, would certainly *475 preclude charging defendant with an offense it was impossible for him to commit. (People v. Jaffe, 185 N. Y. 497.)
An examination of the law digests, and Shepard’s Citations on statutes fails to disclose any case authority on the issues here other than People v. Christensen (supra) on any different construction.
While not a determining factor on this issue in this appeal, it is the further opinion of this court that the record does not prove beyond a reasonable doubt that an improper inspection was made. Defendant was not arrested until the day following the inspection. The police officer testified that an inspection can be completed in 20 to 30 minutes. The present inspection required about 45 minutes. It required visual observations of various parts of the motor vehicle. The police officer admittedly was not in the inspection area at all times. His testimony appeared to be evasive, was not convincing, and was admittedly in error on such matters as testing brake lights and others. Although the police officer stated he had been on motor inspection detail about three years, it was a duty he performed a week out of the month. There was no other foundation for the court to evaluate the qualifications of the police officer to check the work performance involved under motor vehicle inspection. Section 79.9 of the Commissioner’s rules indicates the degree of proficiency required of a motor vehicle inspector. There should be some similar proficiency shown where the People are attempting to establish failure to comply where the guilt must be shown beyond a reasonable doubt.
The conviction is reversed on the law and the facts. The People have failed to prove defendant guilty beyond a reasonable doubt as a matter of law and the complaint is dismissed. (People v. Nappi, 18 N Y 2d 136; Code Crim. Pro., §§ 543-a, 764.)