Vincent S. Frángese, J.
This is a motion for an order dismissing a charge of violation of former section 306 (subd. [d]) of the Vehicle and Traffic Law, which reads as follows: “No person shall issue a certificate of inspection, without having made a complete inspection in conformity with the rules and regulations established by the commissioner, or shall wilfully issue a certificate of inspection for a motor vehicle, the mechanisms and other equipment of which do not comply with the standards prescribed by the rules and regulations established by the commissioner.”
The information alleges that on January 18, 1972 a vehicle owned by the New York State Police was brought to a service station owned and operated by Robert H. Wehmann for an inspection pursuant to article 5 of the Vehicle and Traffic Law. *279 The defendant, according to that information, improperly performed a motor vehicle inspection.
The defendant claims that since the vehicle inspected was the property of the New York State Police he was immune from prosecution. He bases that claim upon the ground that those vehicles are exempt from the definition of motor vehicles under subdivision 5 of section 308, and section 125 of the Vehicle and Traffic Law and 15 NYCRR 79.1 (d) and 79.2 (a) and (e). In support of his allegation the defendant cites to this court People v. Conrow (68 Misc 2d 471).
The instant case is distinguishable from Gonrow on its facts. Here, Mr. Wehmann is the person certified to conduct a motor vehicle inspection while the Gonrow defendant was not a person so certified. Hence, the issue in this case is not whether the defendant was a person authorized to perform the inspection, but whether he had violated the laws governing his license. The status of the vehicle itself is immaterial.
In accordance with subdivision (c) of section 303 of the Vehicle and Traffic Law, the New York State Police are directed to enforce their responsibility of insuring that official motor vehicle inspection stations are properly and adequately maintained and operated. The New York State Police in order to carry out their functions must, therefore, have access to the stations in order to perform their duty. It obviously is not the intent of the section that the New York State Police should be required to enlist, from its ranks or from the public, persons with automobiles and expect those vehicles to be the tests for the enforcement of the section. When the Legislature directed the State Police to enforce the law it also tacitly directed that State Police vehicles be used for such purposes. Those sections of the Vehicle and Traffic Law which exclude police vehicles from the definition of a motor vehicle were enacted for the purpose of relieving the law enforcement authorities from the burden of registration, highway regulations, and other areas to which police vehicles are not subject. Police vehicles should be put to the use for which they were intended, that being the protection of the public and the maintenance of law and order. It certainly seems that it was not the intent of our Legislature to prohibit an undercover police vehicle from being used to determine whether or not the inspection statute was being properly administered. To the extent that the Gonrow case suggests otherwise, this court disagrees.
In light of the foregoing, this court rules that the facts in the instant case are sufficient on the face of the information, and the motion to dismiss is denied.